UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANE O'DONNELL,<br>Plaintiff,<br>v.<br>C.R. ENGLAND, INC.,<br>Defendant. | Case No. 2:26-cv-1745-JDP<br><br>ORDER |

This action is dismissed for plaintiff's failure to prosecute and failure to comply with court orders. After plaintiff filed this case on May 7, 2026, and defendant answered, the court set an initial scheduling conference for August 6, 2026. ECF No. 8. Therein, the court ordered the parties to file status reports fourteen days prior to the conference. *Id.* Plaintiff never filed a report. Accordingly, on August 4, 2026, the court continued the hearing to August 20, 2026, and ordered plaintiff to show cause for his failure to comply with the court's order. ECF No. 10. The deadline has passed without word from plaintiff.

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court.").

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In dismissing this action for failure to prosecute and failure to comply with court orders, the court has considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

Plaintiff has failed to comply with a court order directing him to file a status report and show cause. *See* ECF Nos. 8 & 10. Plaintiff has failed to litigate this action, despite clear instructions from the court. Moreover, the court expressly warned plaintiff that his failure to comply with the August 4 order would result in the dismissal of this action. Therefore, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendant all cut in favor of the sanction of dismissal. The court's warning to plaintiff that failure to obey court orders will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. Plaintiff had adequate warning that dismissal could result from his noncompliance. Accordingly, the court finds that the balance of factors weighs in favor of dismissal.

Accordingly, it is hereby ORDERED that:

1. This action is DISMISSED without prejudice for failure to prosecute and failure to comply with court orders.

2. The August 20, 2026 scheduling conference is hereby VACATED.

3. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: August 18, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE