UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHANE O'DONNELL,

Plaintiff,

v.

C.R. ENGLAND, INC.,

Defendant.

Case No. 2:26-cv-1745-JDP

ORDER

The court addresses whether this action should be reopened. Plaintiff failed to timely file his status report, causing the court to continue the scheduling conference and issue an order to show cause. Plaintiff missed the second deadline to file his status report and never responded to the order to show cause. However, despite this disregard for court orders, the court will reopen this action because of its interest in resolving actions on the merits.

**Procedural History**

Plaintiff initiated this lawsuit on May 7, 2026. ECF No. 1. Defendant answered on June 18, 2026. ECF No. 6. On July 6, 2026, the court set this matter for an initial scheduling conference for August 6, 2026, and ordered the parties to file a joint status report no more than 14 days prior to the scheduling conference. ECF No. 8. According to plaintiff, defense counsel emailed plaintiff's counsel on July 7, 2026, about the joint status report. ECF No. 14-2 at 2. On July 17, 2026, plaintiff's counsel "forwarded defense counsel's email internally" but "did not

thereafter ensure that Plaintiff's status report was prepare and filed." *Id.* Defendant filed its report on July 24, 2026. ECF No. 9. Plaintiff did not file a status report.

On August 4, 2026, the court continued the conference until August 20, 2026, and ordered plaintiff to show cause as to why sanctions should not be imposed for his failure to comply with July 6, 2026 order. ECF No. 10. The court also ordered plaintiff to file his status report by August 6, 2026. *Id.* Plaintiff's counsel states that he "did not timely review and act upon the electronic notice concerning the [August 4] Order." ECF No. 14-2 at 2. On August 7, 2026, the Courtroom Deputy emailed the parties that the hearing would be held in-person on August 20, 2026. Plaintiff's counsel responded "Will do. Thank you." *Id.*

Plaintiff failed to file his status report or respond to the order to show cause by August 19, 2026, the day before the hearing. Accordingly, on August 19, 2026, the court dismissed this action for failure to prosecute and failure to comply with court orders. ECF No. 12. On August 24, 2026, plaintiff filed the instant motion for relief from judgment. ECF No. 14. Defendant has not filed an opposition to the motion.

**Discussion**

Federal Rule of Civil Procedure 60(b)(1) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." The Supreme Court has held that "excusable neglect" is "understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993). And "neglect" is understood to include "omissions caused by carelessness." *Id.* at 388. Further, the determination whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. It includes an evaluation of "at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220,1223-24 (9th Cir. 2000) (citing *Pioneer*, 507 U.S. at 395).

Plaintiff argues that the court should reopen this action because defendant will not be prejudiced, the delay is minimal, counsel's failure was due to negligence instead of willfulness, and because plaintiff has acted in good faith. ECF No. 14-1 at 4-5. The court agrees that the prejudice to defendant is low as proceedings were just starting and that the length of delay was minimal as plaintiff filed this motion less than a week after the case closed. Indeed, defendant has not opposed plaintiff's motion. And the court accepts plaintiff's counsel's acknowledgment of his errors and finds that the missed deadlines were not willful. With that said, however, the court finds it is necessary to highlight the court resources unnecessarily expended because of plaintiff's counsel's negligence. The court had to set a scheduling conference, continue the scheduling conference once plaintiff missed the filing deadline, issue an order to show cause for plaintiff's missed deadline, issue an order closing this action for plaintiff's failure to comply with court orders and failure to prosecute, and now adjudicate plaintiff's motion for relief from judgment. Deadlines in this court are to be strictly adhered to. The court will not provide plaintiff with the same leniency going forward.

**Conclusion**

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for relief from judgment, ECF No. 14, is GRANTED and this action is REOPENED.
2. In accordance with the July 6, 2026 order, the initial scheduling conference is set for November 12, 2026. Plaintiff shall file his status report within fourteen days prior to the scheduling conference. Failure to timely file his report will result in the dismissal of this action.
3. Defendant is permitted to re-file its report within fourteen days, should it be necessary, to accommodate for the delay in scheduling this action.

IT IS SO ORDERED.

Dated: October 9, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE